## LEWIS WARFIELD *versus* SYLVANUS HOLBROOK.

An action was referred to arbitrators under a rule of court, the parties agreeing " to submit the plaintiff's claim sued in said action and all claims of the defendant against him, to the determination " of the arbitrators. At the hearing before the arbitrators, the plaintiff claimed, that they should take into consideration a joint and several note made by him and another person, upon which a suit brought by the defendant against the makers, was pending at the time of the submission ; but the defendant declined bringing forward such note, and the arbitrators refused to pass upon it, and awarded that the plaintiff should not recover any thing. It was *held*, that the plaintiff could not object to the acceptance of the award on the ground that it did not embrace all the matters submitted and so was not final ; for if such note was not embraced in the terms of the submission, the arbitrators were not authorized to pass upon it, and if it was so embraced, the award and the judgment thereon would be a bar to any action upon the note by the defendant against the plaintiff.

It *seems*, that if the award were recommitted by the court to the arbitrators with instructions to pass upon the note, and a new award were made thereon, it would not be more effectual to bar the defendant from proceeding in his joint action than the original award.

THIS action was referred to arbitrators under a rule of court, the parties agreeing " to submit the plaintiff's claim sued in said action and all claims of said Holbrook against him, to the determination " of the arbitrators.

At the hearing before the arbitrators, the plaintiff claimed, that they should take into consideration a joint and several promissory note for the sum of $500, made by him and Samuel Warfield, which, as he alleged, was not due, but upon which a suit brought by the defendant against the makers, was

pending in this Court at the time of such submission ; and he filed a motion in writing to that effect. The defendant, averring (in writing) that he had no action against the plaintiff alone, objected to this claim, and refused to bring forward such note, on the ground, that the action thereon was not embraced in the submission.

The referees refused to take the note in question into consideration, and awarded, that the plaintiff should not recover any thing of the defendant, and that the costs of court should be taxed and allowed according to law and the rules of the court.

In this Court, *Putnam* J. presiding, the plaintiff objected to the acceptance of the award, and moved to have the matter recommitted to the referees with directions that such note should be passed upon. But the judge overruled the plaintiff's objection, and accepted the award. The plaintiff thereupon excepted to the ruling of the judge.

*Oct. 2d.*

*C. Allen* and *Washburn*, for the plaintiff. The joint and several promissory note was embraced in the submission, as being a claim against the plaintiff. *Whitney* v. *Cook*, 1 Mass. R. 139 ; 1 Dane's Abr. 273, and cases cited ; *Ravee* v. *Farmer*, 4 T. R. 146 ; Com. Dig. *Arbitrament*, *D* 4 ; *Smith* v. *Johnson*, 15 East, 213 ; *Dunn* v. *Murray*, 9 Barn. & Cressw. 780. If this note was so embraced, the award is void, unless the referees passed upon it ; and it should appear from the award, that the note was passed upon by the referees, so that if the plaintiff should be sued on it, he might show that they had taken it into consideration. *Robson* v. *Railston*, 1 Barn. & Adolph. 723 ; *Samuel* v. *Cooper*, 2 Adolph. & Ellis, 752.

*Merrick*, for the defendant.

*Oct 8th.*

SHAW C. J. delivered the opinion of the Court. This action had formerly been referred to arbitrators under a rule referring this action and all claims of Holbrook against Warfield. The referees took into consideration all claims in this action by Lewis Warfield against Holbrook, and all claims by Holbrook, except a claim on a promissory note signed by Lewis and Samuel Warfield, jointly and severally, as hereafter stated. The referees find that there is nothing due to the plaintiff, with costs of court for the defendant.

It appears from the facts shown, that when the cause was referred, there was another action pending by Holbrook against Lewis Warfield and Samuel Warfield, claiming to recover upon a note for $500, alleged to have been signed by them, jointly and severally. That action was not in terms embraced in the submission ; whether the joint and several note, on which it purports to be founded, is so embraced or not, is a question in controversy between the parties.

When the hearing was had before the referees, Warfield claimed that Holbrook ought to bring forward that note as one of the claims of Holbrook against him, embraced in the submission, and filed a motion to that effect in writing. Holbrook, denying that that note was a demand against Lewis Warfield severally, and probably intending to proceed in his own action on that note, in the suit pending against Lewis and Samuel Warfield jointly, declined bringing forward that demand, under this reference, and the referees did not take it into consideration, in the award above stated. Lewis Warfield, the sole plaintiff in this suit, now objects to the acceptance of this report, on the ground that it is not final, and does not pass upon all matters embraced in this submission, and moves that it be recommitted, with instructions to the referees to take into consideration the claim of Holbrook on the joint and several note. Warfield, the plaintiff, objects to the award, not because the referees refused or neglected to pass upon any demand brought forward by him against the defendant ; but because they did not take into consideration a demand of the defendant against him, which he at the same time alleges is not due, which upon full notice, both to the defendant and to the referees, the defendant declined and refused to bring forward as being a joint demand against the plaintiff and another person, and not between the same parties, who were parties to the submission.

The Court are of opinion, that these facts constitute no valid objection to the acceptance of this report. It was final as to all matters which the parties thought fit to bring before them. One short view of the subject seems to be decisive. If the joint and several note which the defendant claims to hold against the plaintiff and Samuel Warfield, was not embraced in the terms of the submission, then the referees could not

pass upon it, it was not within their authority. If, as the plaintiff contends, it was embraced in the submission, this award and the judgment upon it will be a bar to any suit upon it in favor of Holbrook against the plaintiff. *Dunn* v. *Murray*, 9 Barn. & Cressw. 780 ; *Smith* v. *Johnson*, 15 East, 213. Taken either way, therefore, the fact that it was not brought forward by the defendant, forms no objection to the act of the referees, or to the acceptance of their report.

The cases where an award has been held to be bad, as not being final, and not embracing all the matters submitted, are those where through mistake of their authority, or oversight or other accident, the referees have neglected or refused to take into consideration, and pass upon demands, within their authority, and brought before them by one or the other of the parties. *Robson* v. *Railston*, 1 Barn. & Adolph. 723 ; *Samuel* v. *Cooper*, 2 Adolph. & Ellis, 752.

The facts under which this claim of Holbrook against Lewis and Samuel Warfield on the joint and several note, was brought to the notice of the referees, and the express claim of the plaintiffs to have it considered, will forever preclude him from maintaining, in his pending suit, or elsewhere, that it was overlooked through accident or mistake, one ground on which it has sometimes been held, that an award was no bar.

Besides, it is doubtful whether a recommitment of the award, with the instructions prayed for, and a new award therein, would be more effectual to bar the plaintiff in the other suit, from proceeding in his joint action against Lewis and Samuel Warfield, than the present award. The Court can confer no powers on the referees, not conferred by the parties, under their former submission, or extend their authority to demands not embraced in the note founded on the agreement of the parties. It could extend to nothing more, than affording the referees another opportunity of considering this demand, if the defendant should see fit to bring it forward, with notice to him, that if he did not bring it forward, he must take the consequence of being barred of any suit, if by law, an award on such submission, and judgment on it, would be such a bar. But the same effect must follow, from a judgment on the award as it now stands.

Whether such a judgment will be a bar, either to a joint action against Lewis and Samuel Warfield, or to a several action against the one or the other, are questions not yet before the Court, and upon which we give no opinion. Should the parties think fit hereafter to present them, they will he entitled to a distinct consideration.

Warfield<br>v.<br>Holbrook.

*Report accepted and judgment accordingly.*